# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 10-267 (ESH)** |
| | ) | |
| **OLADAYO OLADOKUN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

On February 3, 2011, defendant pled guilty to aggravated identity theft, 18 U.S.C. §

1028A, and was sentenced to the two-year mandatory term of imprisonment required by statute

on April 1, 2011. Before the Court is defendant's motion for a new trial pursuant to Fed. R.

Crim. P. 33, which the Court will deny.

"By its express terms, Rule 33 is confined to those situations in which a trial has been

had," and does not make a new trial available to one who pleads guilty. *United States v.*

*Graciani*, 61 F.3d 70, 78 (1st Cir. 1995) (citing *United States v. Collins*, 898 F.2d 103, 104 (9th

Cir. 1989)); *Moore's Federal Practice—Criminal Procedure* § 633.02. "A defendant who enters

a guilty plea cannot thereafter use Rule 33 as a wedge to undo his acknowledgment that he

committed the offense." *United States v. Dyess*, 293 F. Supp. 2d 675, 683 (S.D. W.Va. 2003)

(quoting *Graciani*, 61 F.3d at 78).[1]

---

[1] Moreover, defendant's proffered evidence is not "newly discovered," but rather repeats the
factual predicate for defendant's January 28, 2011 Motion for Reconsideration of Motion to
Suppress Evidence—to wit, that defendant owned the Lexus searched by the authorities, and thus
had standing to challenge its search. (Dkt. No. 24 at 2-3.) Indeed, defendant admitted that he
and the government had entered into a stipulation as to this very issue prior to his guilty plea one
week later. (*Id* at 3.)

Defendant's Motion for a New Trial pursuant to Rule 33 [Dkt. No. 42] is therefore

**DENIED**.

      **SO ORDERED.**

           /s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: May 19, 2011