UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 10-267 (ESH) Civil No. 12-526 (ESH) |
| OLADAYO OLADOKUN, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION

Petitioner Oladayo Oladokun moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (First Motion Under 28 U.S.C. § 2255, Mar. 30, 2012 [ECF No. 47] ("Mot.").) Petitioner claims that his counsel was deficient in failing to inform him that his sentence in this case would run consecutively with the sentence for his supervised release violation in Maryland, as well as failing to advise him of the mandatory two-year minimum incarceration required for aggravated identity theft under 18 U.S.C. § 1028A. (Mot. at 4.) He further argues that the evidence was insufficient to support a conviction for aggravated identity theft. (Mot. at 4.) For the reasons stated below, petitioner's motion will be denied.

BACKGROUND

On September 28, 2010, petitioner was indicted on one count of conspiracy (Count 1), six counts of bank fraud (Counts 2-7), five counts of mail fraud (Counts 8-12), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A (Count 13). (*See* Indictment, Sept. 28, 2010 [ECF No. 1].) He was arrested and charged with the thirteen-count indictment on October 27, 2010. (Government's Opposition to Defendant's Motion to Vacate, Oct. 23, 2012 [ECF No. 61] ("Gov. Opp'n") at 1-2.) Pursuant to a plea agreement negotiated by his retained

attorney, Richard Basile, petitioner pled guilty to Count 13 and the government moved to dismiss the remaining counts of the indictment. (Gov. Opp'n at 2; Plea Agreement, Feb. 3, 2011 [ECF No. 27].) Petitioner was sentenced to 24 months incarceration, 12 months of supervised release, a $100 special assessment, and restitution in the amount of $262,025.42. (*See* Judgment, Apr. 4, 2011 [ECF No. 38]; Order Granting Motion to Correct Sentence, Apr. 7, 2011 [ECF No. 40].)

Prior to the events in this case, in 1997 petitioner was convicted of bank fraud and felon in possession of a firearm in *United States v. Oladokun*, No. 96-0285-AW (D. Md.). (Gov. Opp'n at 3.) He was sentenced to 125 months of imprisonment followed by five years of supervised release. (*Id.*) Petitioner was released from custody for that offense in 2006. (*Id.*) In August 2010, the district court in Maryland issued a warrant for petitioner's arrest for violating the terms of his supervised release. (*Id.* at 4.) The district court in that case sentenced petitioner to 24 months of incarceration, to run consecutive to the term imposed in this case. (*Id.* at 4.)

Petitioner now brings this motion under 28 U.S.C. § 2255, wherein he claims that he received ineffective assistance of counsel because his trial counsel failed to advise him that (1) his plea agreement would result in a sentence to run consecutively to his sentence for violation of supervised release in Maryland, and (2) that the only method of satisfying the mandatory two-year minimum for aggravated identity theft was by incarceration. (Mot. at 4.) Petitioner further asserts that the evidence was not sufficient to support a conviction for aggravated identity theft. (*Id.*)

## ANALYSIS

**A.    Section 2255 Motion**

Under 28 U.S.C. § 2255, a prisoner sentenced in federal court may move to vacate, set aside, or correct his sentence if the sentence was imposed "in violation of the Constitution or

laws of the United States." 28 U.S.C. § 2255(a). The petitioner bears the burden of proving that violation by a preponderance of the evidence. *United States v. Dodd*, 828 F. Supp. 2d 39, 41 (D.D.C. 2011). This Court must grant an evidentiary hearing on a prisoner's claims "[u]nless the motion and the files and records of the case conclusively show that prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Even if the files and records of the case do not clearly rebut the allegations of the prisoner, no hearing is required where his claims are 'vague, conclusory, or palpably incredible.'" *United States v. Pollard*, 959 F.2d 1011, 1031 (D.C. Cir. 1992) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

B. **Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a petitioner must make a two-part showing: "[f]irst, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the case of a guilty plea, in order to show prejudice, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the petitioner would have pled not guilty and insisted on going to trial. *United States v. Sutton*, 803 F. Supp. 2d 1, 5 (D.D.C. 2011) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

1. **Consecutive Sentences**

Petitioner first alleges that counsel failed to advise him that the sentence in this case would run consecutively to the sentence for his supervised release violation in Maryland, and in fact suggested that the plea deal in this case would "roll" all of the sentences into one. (Mot. at 4; Petitioner's Sworn Affidavit, Feb. 21, 2012 [ECF No. 49] ("Aff.") at 3.)

This allegation is contradicted by the record.  As an initial matter, this Court sentenced petitioner over a month before he received his sentence in Maryland, and the two sentences were given independently of one another.  The plea agreement signed by petitioner clearly stated that petitioner would be "sentenced on the violation of supervised release by the appropriate judge in the District of Maryland." (Plea Agreement at 1.)  Thus, petitioner's counsel stated in his declaration that he "had no idea what sentence of incarceration, if any," the judge in Maryland would impose, and did not give petitioner any reason to believe otherwise.  (Basile Decl. ¶ 5.)

Additionally, regardless of what sentence the District of Maryland chose to impose for petitioner's supervised release violation, it was clear that the sentence would run *consecutively* to the one imposed by this Court.  For example, at a status conference held on January 31, 2011—in petitioner's presence—petitioner's counsel confirmed the Court's understanding that petitioner's sentence for his supervised release violation in the District of Maryland would be "on top of" whatever sentence was imposed by this Court.  (January 31, 2011 Status Conference ("1/31/11 Tr.") at 28.)  This was reiterated in the plea agreement signed by petitioner, which stated that he understood that 18 U.S.C. § 1028A carries a "mandatory minimum of two years imprisonment *consecutive to any time*." (Plea Agreement at 1 (emphasis added).)  Thus, petitioner was clearly informed that the two sentences would run consecutively, and there was nothing deficient about his counsel's performance.

This evidence also establishes that petitioner was not prejudiced by his counsel's advice.  Petitioner "cannot argue that he would have proceeded to trial had he known [that the sentences would run consecutively] because the record reflects that he was made aware of the [consecutive nature of the sentences] by his attorney (and also the Court), yet he pleaded guilty in any event." *Sutton*, 803 F. Supp. 2d at 5.

Regardless, even if counsel's performance had been deficient, petitioner has not established that he was prejudiced by his counsel's advice because he has not made an adequate showing that he would have pleaded not guilty and insisted on going to trial. Petitioner stated that he "would rather have gone to trial instead of ending up with the same sentence from the outset." (Aff. at 4.) This position rests on the faulty premise that petitioner would have received the same sentence if he had gone to trial and been found guilty. To the contrary, however, petitioner could have been tried on all 13 counts, not just the aggravated identity theft count to which he pled guilty. "To measure the reasonable probability that [petitioner] would have proceeded to trial, all counts that [he] would have faced must be considered and not just the counts to which [he] pled guilty." *United States v. Pollard*, 602 F. Supp. 2d 165, 170 (D.D.C. 2009) (citing *In re Sealed Case*, 488 F.3d 1011, 1017 (D.C. Cir. 2007)). Here, the aggravated identity theft count would have carried a 2-year mandatory consecutive sentence on top of a sentence of 46-57 months on the remaining twelve counts. (Gov. Opp'n at 22; 1/31/11 Tr. at 27.)

Additionally, petitioner "has not proffered even a hint of any defense, much less a suggestion that he could have succeeded had he gone to trial." *United States v. Farley*, 72 F.3d 158, 165 (D.C. Cir. 1995). To the contrary, at least with respect to the aggravated identity theft count, he signed a confession of guilt and stated on the record that he "did commit it" and acknowledged, "[y]es, Your Honor, I'm guilty." (Plea Hearing, Feb. 3, 2011 ("Plea Tr.") at 7, 21.) Petitioner has not demonstrated that—in light of this potentially longer sentence and the strength of the government's case—he would not have accepted a guilty plea and would instead have proceeded to trial.

5

Because petitioner has established neither a deficiency in his counsel's assistance nor any prejudice suffered therefrom, he has not established ineffective assistance of counsel on this basis.

### 2. Mandatory Incarceration

Petitioner's second ineffective assistance of counsel claim fares no better. Petitioner asserts that counsel failed to advise him that the only way to satisfy the two-year statutory mandatory minimum prison sentence under 18 U.S.C. § 1028A was by incarceration. (Mot. at 4.) However, like petitioner's first claim, this allegation is belied by the record.

The plea agreement, which petitioner signed, clearly stated that the offense to which he was pleading guilty carried a "*mandatory* minimum of two years *imprisonment*." (Plea Agreement at 1 (emphasis added).) Additionally, numerous exchanges between petitioner, counsel, and the Court at the plea hearing expressly addressed the mandatory minimum. For example, the Court stated that "[i]t is a mandatory minimum of two years imprisonment" (Plea Tr. at 15), and clarified that "[i]t is not a question of guidelines. It is two years. And two years is it." (Plea Tr. at 15.) Later, after petitioner conferred with his counsel, the following exchange occurred:

> [COUNSEL]: Your Honor, one thing Mr. Oladokun wanted the assurance from the Court on, which we've already discussed is that, *as he understands it*, the Court must impose a mandatory minimum of two years. And the Court cannot exceed the two years. *He understands* that he is getting two years, no more, no less.
>
> THE COURT: Correct, that's it. But I can't go less.

(Plea Tr. at 18-19 (emphasis added).) And finally, just before petitioner submitted his plea, the Court confirmed that understanding one last time:

> THE COURT: [W]e all know, I have to give you at least two years. Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

(Plea Tr. at 21.)  These facts simply do not support petitioner's contention that he was unaware he would be required to serve two years of imprisonment, and there is therefore no indication that his counsel's advice was deficient.

Furthermore, for the same reasons discussed with respect to petitioner's first ineffective assistance of counsel claim, there is no evidence that petitioner was prejudiced in any way by this alleged deficiency.  Because the record "conclusively shows" that petitioner is entitled to no relief, 28 U.S.C. § 2255(b), the Court need not grant an evidentiary hearing on this claim.

### 3.  Other Ineffective Assistance of Counsel Claims

Though not expressly listed among his claims, petitioner appears to allege a number of other deficiencies in his brief motion.  For example, he states that counsel failed to "properly investigate the case," failed to "review discovery together with client conferences and explore the depth of the case," and failed to "inform Mr. Oladokun of the penalties he was facing by accepting the government's plea offer, in contrast to going to trial."  (Mot. at 5-6.)

As an initial matter, "vague" and "conclusory" allegations of this kind cannot support a finding that counsel's performance fell below an "objective standard of reasonableness."  *See United States v. James*, 737 F. Supp. 2d 1, 7 (D.D.C. 2010) (rejecting ineffective assistance of counsel claim because defendant's allegations were "vague, conclusory, and palpably incredible") (quoting *Pollard*, 959 F.2d at 1031); *United States v. Goss*, 646 F. Supp. 2d 137, 143-44 (D.D.C. 2009) (defendant's "vague allegation" of ineffective assistance of counsel did not provide information from which the court could find either deficiency or prejudice); *United States v. Thomas*, 541 F. Supp. 2d 18, 23 (D.D.C. 2008) ("Summary disposition may also be appropriate where the defendant has failed to present any affidavits or other evidentiary support

for the naked assertions contained in his motion.") (internal quotation marks omitted).  Thus, the lack of evidentiary or factual support for these allegations is alone sufficient to defeat these claims.

Additionally, petitioner's assertions are contradicted by the record in this case.  At his plea colloquy, petitioner expressly disclaimed any such deficiencies in his counsel's representation:

> THE COURT:  Are you satisfied with the services of your lawyer here?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  Have you had enough time to discuss with him your decision to plead guilty?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  As far as you know, has he adequately investigated the facts in this case?
>
> THE DEFENDANT:  Yes.

(Plea Tr. at 5-6.)  It is well established that "[t]he representations of the defendant at a plea hearing . . . 'constitute a formidable barrier in any subsequent collateral proceeding' because the defendant's 'declarations in open court carry a strong presumption of verity.'" *United States v. Zaia*, 751 F. Supp. 2d 132, 139 (D.D.C. 2010) (quoting *Farley*, 72 F.2d at 164-65).  Petitioner has offered no facts to contradict his earlier admissions.  Thus, this Court declines to find that he has demonstrated any deficiency in his counsel's assistance.  Moreover, as discussed above, there is no evidence whatsoever that petitioner was in fact prejudiced by any deficiency that may have occurred.  *See supra* Section B.1.

**C.      Sufficiency of the Evidence**

Petitioner claims that the evidence was insufficient to support his conviction for aggravated identity theft because it did not show that he knew the means of identification at issue belonged to another person.  (Mot. at 4.)

As an initial matter, it is unclear whether petitioner raises this issue as an independent claim or as a further basis for his argument that his counsel was ineffective.  Regardless, neither argument is persuasive.

As an independent basis for relief, this claim fails because it is contrary to both the record and petitioner's own earlier admissions.  In his motion, petitioner offers no details whatsoever to explain why this element of the offense was not supported by the evidence.  However, in his affidavit, he seems to suggest that because he had nothing on his person at the time he was arrested, the "government [cannot] prove the nexus of the alleged crime, that the petitioner presented himself as someone else."  (Aff. at 2.)  However, at the January 31, 2011 status conference, the government stated that it was prepared to call seven victims to testify that the bank records used by the defendant contained their actual social security numbers and dates of birth, and that they did not authorize the defendant to use that information.  (1/31/11 Tr. at 13-14, 21.)  Additionally, the Statement of the Offense, which petitioner admitted was accurate, detailed that petitioner obtained the names and identifying information of actual bank and credit card account holders and pretended to be those individuals in order to access their accounts. (Statement of Facts, Feb. 3, 2011 [ECF No. 28] at 1-2; Plea Tr. at 7.)  In short, petitioner "made an informed and knowing plea that his conduct violated [18 U.S.C. § 1028A]," and it is "clear that his conduct did in fact violate that provision." *United States v. Pollard*, 946 F. Supp. 48, 50 (D.D.C. 1996).  Thus, the Court will not set aside petitioner's plea on this ground.

9

To the extent that petitioner attempts to raise an additional ineffective assistance of counsel claim on this basis, that claim is equally unfounded for much the same reason. Namely, in light of the overwhelming evidence against him, petitioner simply cannot show that he was prejudiced in any way by his counsel's advice to accept the guilty plea. *See also supra* Section B.1.

**D.      Voluntariness of the Plea**

Finally, petitioner appears to assert that his guilty plea was not knowingly and voluntarily entered into. In his motion, he states that at the time of the plea he was uninformed as to the true nature of the charges against him. (Mot. at 6.) Then, in his affidavit, he states that his counsel came to the jail to "coerce" him into accepting the plea deal and did not properly explain it to him. (Aff. at 3-4.)

Like many of petitioner's claims, this allegation is fatally lacking in details; petitioner does not in any way explain how his counsel attempted to coerce him into accepting the plea. Moreover, it is contradicted by petitioner's own statements at the plea colloquy. There, the following exchange occurred:

> THE COURT:  So has anybody made any representations other than those here in the paper or in open court to you in order to get you to plead guilty?
>
> THE DEFENDANT:  No, Your Honor.
>
> THE COURT:  Has anyone given—we all know, I have to give you at least two years. Do you understand that?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT:  Has anybody told you anything different than that about the Court's sentence?
>
> THE DEFENDANT:  No, Your Honor.

>THE COURT: Has anyone forced or coerced you in any way to enter into a plea agreement?
>
>THE DEFENDANT: No.
>
>THE COURT: Are you doing it of your own free will because you are guilty?
>
>THE DEFENDANT: Yes, Your Honor, I'm guilty.

(Plea Tr. at 20-21.) Like petitioner's statements regarding his satisfaction with his counsel's advice, petitioner's representations as to the "knowing and voluntary nature of his plea . . . may 'constitute a formidable barrier' to his later refutations." *Moore v. United States*, 2012 WL 3195127, at *3 (D.D.C. Aug. 8, 2012) (quoting *United States v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998)). Considering the vague and conclusory nature of petitioner's allegations that his plea was involuntarily given, this Court finds that he has not overcome the "formidable barrier" of his earlier admissions, and that he is not entitled to relief on this ground.

## CONCLUSION

For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 will be denied. A separate Order accompanies this Memorandum Opinion.


                                                                              /s/
                                      ELLEN SEGAL HUVELLE
                                      United States District Judge

DATE: November 29, 2012